IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARLEY M. BRADY, # R13122,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-00295-SMY |
| ) | |
| **ILLINOIS DEPT. of CORRECTIONS,** ) | |
| **ROB JEFFERIES,**[1] ) | |
| **DEEDEE BROOKHART,** ) | |
| **DANIEL MONTI,** ) | |
| **SCOTT THOMPSON,** ) | |
| **LANA NALEWAJKE,** ) | |
| **JOHN/JANE DOE 1, Nurse(s) Lawrence CC,** ) | |
| **JOHN/JANE DOE 2, C/O Centralia CC,** ) | |
| **JOHN/JANE DOE 3, Nurse(s) Centralia CC,** ) | |
| **and JOHN/JANE DOE 4, Bureau of** ) | |
| **Identification Officer, Centralia CC,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Harley M. Brady, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*., and raises state tort claims (Doc. 1). He seeks monetary damages and injunctive relief. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious

---

[1] Plaintiff spells the then-IDOC Director's surname as Jefferies in the case caption and as Jefferys in the body of the Complaint (Doc. 1, pp. 1, 16-18). The Court will use the first spelling.

1

claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff is medically diagnosed as hearing impaired and relies on hearing aids in both ears. This diagnosis has been documented in Plaintiff's IDOC medical records, on his inmate identification card, and on a card placed on his cell door. His hearing impairment qualifies him to have a tactile "pager" watch to notify him of compliance checks, meals, call passes, etc., that are sent from the prison's central terminal, in accordance with the class action settlement in *Holmes v. Baldwin* (Doc. 1, pp. 5, 40-41). He is also visually impaired and requires a separate large face ADA watch with alarms he can set for his scheduling needs. These conditions make Plaintiff a "qualified individual with a disability" under the ADA and the RA.

In July 2021, Plaintiff was housed at Lawrence Correctional Center, where hearing aid batteries were issued only on Saturdays between 7:00am-3:00pm. Plaintiff's hearing aid batteries ran out while he was on his 3rd shift job assignment on the night of July 21-22, 2021. The Unknown Nurse(s) 1 decided not to run the call line to issue new hearing aid batteries on Saturday, July 24, 2021. On July 26, 2021, Plaintiff learned he would be transferred to Centralia, and followed instructions to pack his belongings (including his tactile pager watch,[2] hearing aids, ADA watch, and a gold cross necklace, along with his permits for each) and turn them in to the property department. Plaintiff was transferred on July 28, 2021.

Upon Plaintiff's arrival at Centralia, he was unable to hear or actively participate in his

---

[2] Plaintiff explains the tactile pager watch is kept by the issuing prison, and the inmate is to receive a new one from the new prison after a transfer.

medical intake. His medical permits (bottom bunk, back and knee brace, arch supports, and double cuff) were not transferred to the new prison. Because he couldn't hear, Plaintiff missed hearing his name called over the PA system to go to the Bureau of Identification ("B of I"), which issues ID cards with "hearing impaired" and other safety designations. The John/Jane Doe 4 B of I Officer removed the "hearing impaired" designation from Plaintiff's ID card and told Plaintiff only the facility ADA Coordinator could approve it. As a result, Plaintiff could not prove his hearing impaired status and could not attend "make up chow" when he missed hearing the meal calls. Plaintiff believes he also missed yard time when he could not hear the announcement.

Plaintiff reported to pick up his property on July 29, 2021, but could not hear or effectively communicate with the Property C/O. He discovered his hearing aids, ADA watch, and necklace were not in his property box, and learned the John/Jane Doe 2 Property C/O had sent them to ADA Coordinator/Health Care Administrator Nalewajke for approval. This action was not documented with a receipt or shakedown slip and did not follow any written policy. Nalewajke was on leave at the time, and the John/Jane Doe 3 Nurse(s) placed Plaintiff's items in an unknown, undesignated place in the Health Care Unit rather than on Nalewajke's desk for processing. Consequently, Plaintiff's hearing aids and ADA watch were not located for several weeks.

Plaintiff made numerous inquiries regarding his hearing aids to the C/O's in the receiving housing unit and in his new unit (South 2) without success. Plaintiff's new cellmate was working away from their cell most of the day and could not alert Plaintiff to meal or yard calls. Plaintiff missed several meals, yard, and dayroom opportunities between July 28, 2021 and August 20, 2021. Plaintiff struggled to communicate during his medical and tele-psych appointments, which caused problems with his medication. His ability to obtain guidance on legal issues during law library time was delayed. His inability to hear caused much stress and exacerbated his mental

health conditions.

Plaintiff filed a grievance regarding these matters on August 2, 2021, which was designated an emergency, but Nalewajke was not asked to respond until August 9, 2021. She did not meet with Plaintiff until August 20, 2021, when she ordered him a tactile pager watch, issued him a hard-of-hearing card for his cell door, and directed the "hard of hearing" designation to be replaced on his ID card. However, she still had not located his hearing aids, ADA watch, or gold cross necklace, which were found later that day. The hearing aids and ADA watch were returned to Plaintiff, but his cross necklace was held by the chaplain awaiting approval.

Plaintiff's "hearing loss" designation was not replaced on his ID card until December 29, 2021. As of the date he filed his Complaint,[3] Plaintiff had still not received the tactile pager that Nalewajke ordered on August 20, 2021.

Former Centralia Warden Thompson did not change any policies/procedures to prevent the future termination of ADA accommodations such as Plaintiff experienced.

## Discussion

Based on the allegations in the Complaint and Plaintiff's description of his claims, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Lawrence Warden Brookhart and John/Jane Doe 1 Lawrence Nurse(s) for failing to run the hearing aid battery call line on July 24, 2021, depriving Plaintiff of his ability to use his medically necessary hearing aids.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Former Centralia Warden Thompson, John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and Nalewajke for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch,

---

[3] Plaintiff's Complaint was docketed on January 30, 2023 (Doc. 1). However, he delivered it to prison officials for e-filing on December 2, 2022 (Doc. 1, pp. 22). Through some error, the Complaint was not e-filed at that time and the Court received it via U.S. Mail (Doc. 1, pp. 42-43; Doc. 1-1).

|  |  |
|---|---|
|  | depriving Plaintiff of these items and limiting his major life activities. |
| Count 3: | Eighth Amendment deliberate indifference to serious medical needs claim against IDOC Director Jefferies for creating and maintaining policies that allowed constitutional, ADA, and RA violations to occur. |
| Count 4: | Fourteenth Amendment due process claim against Former Centralia Warden Thompson, John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and Nalewajke for seizing Plaintiff's hearing aids and ADA watch without justification or documentation, and against Jefferies for allowing the seizure to take place. |
| Count 5: | ADA and/or RA claim against the Illinois Department of Corrections and all other Defendants for depriving Plaintiff of his hearing aid batteries, hearing aids, ADA watch, and tactile pager watch necessary to accommodate Plaintiff's hearing loss, limiting his major life activities, and for failing to take steps to prevent future deprivations. |
| Count 6: | Illinois state law medical negligence claim against the John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 3 Centralia Nurse(s), and Nalewajke for breaching their duty of care to Plaintiff when they deprived him of functioning hearing aids, his ADA watch, and a tactile pager watch. |
| Count 7: | Illinois state law negligence claim against Lawrence Warden Brookhart, John/Jane Doe 1 Lawrence Nurse(s), Former Centralia Warden Thompson, John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), John/Jane Doe 4 Bureau of Identification Officer, Nalewajke, and Jefferies for breaching their duty of care to Plaintiff, causing him injury. |
| Count 8: | *Respondeat Superior* claim against the IDOC and Director Jefferies under *Monell*, the ADA, the RA, and Illinois tort law for lack of proper training, oversight, and policy directives to prevent the individual Defendants from injuring Plaintiff as described herein. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading

standard.[4]

### Counts 1 and 2[5]

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against the John/Jane Doe 1 Lawrence Nurse(s) and in Count 2 against the John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and Nalewajke. However, because Plaintiff does not describe any personal involvement in the deprivation of his hearing-related equipment by Warden Brookhart in Count 1 or Warden Thompson in Count 2, these defendants will be dismissed without prejudice from Counts 1 and 2 for failure to state a claim against them.

### Count 3

Plaintiff's Eighth Amendment claim against Jefferies is founded on the alleged creation and maintenance of policies that allowed other defendants to violate Plaintiff's rights. However, Plaintiff does not point to any particular policy put in place by Jefferies that caused the alleged

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").
[5] The claims designated as Counts 1, 2, and 3 herein are included in the Complaint under "Count I" (Doc. 1, pp. 15-16).

deprivations. Further, it is clear from Plaintiff's factual allegations that Jefferies was not personally involved in the sequence of events that allegedly deprived Plaintiff of his hearing aids and other accommodations for his hearing impairment. Absent personal involvement, there can be no liability for a § 1983 claim. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Likewise, an administrator such as Jefferies cannot be held liable for the misdeeds of their subordinates. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* (supervisory liability) does not apply to § 1983 actions). For these reasons, Count 3 will be dismissed without prejudice for failure to state a claim.

### Count 4

Plaintiff alleges he was deprived of his property items (hearing aids and ADA watch) for several weeks.[6] Under the Fourteenth Amendment, state actors may not deprive a person of their property without due process of law. In a § 1983 action, a plaintiff must establish a deprivation of property *without due process of law* – but if the state provides an adequate remedy, the plaintiff cannot maintain a federal civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).

Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims for an action for damages. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because the Court of Claims procedure was available to Plaintiff for his property loss, Count 4 fails to state a constitutional claim upon which relief may be granted and will be dismissed.

---

[6] Plaintiff asserts this due process claim in Count II of the Complaint (Doc. 1, p. 17).

### Count 5

Plaintiff's allegations are sufficient to state a viable ADA and/or RA claim. However, this claim cannot proceed against individual defendants – individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). Instead, the proper defendant is the relevant state department or agency. See 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has correctly named IDOC as a defendant and Count 5 will proceed only against the agency. The remaining defendants will be dismissed from this claim.

### Count 6

Plaintiff's medical negligence claim derives from the same facts as his federal constitutional claims against the medical professionals in Counts 1 and 2 (John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 3 Centralia Nurse(s), and Nalewajke), and will proceed. 28 U.S.C. § 1367(a).[7]

### Count 7

As with Count 6 above, 28 U.S.C. § 1367(a) provides for supplemental jurisdiction over the negligence claim, which is based on the same facts as Plaintiff's federal claims. *See Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). In Illinois, to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). The

---

[7] Plaintiff must comply with the statutory requirement for an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

allegations in the Complaint are sufficient for Count 7 to proceed against the defendants who remain in Counts 1 and 2: the John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and Nalewajke, and against the John/Jane Doe 4 Bureau of Identification Officer.[8]  Defendants Brookhart, Thompson, and Jefferies will be dismissed from this claim without prejudice because the Complaint lacks factual allegations that they were personally involved in the events that caused Plaintiff's injuries.

## Count 8

Plaintiff labels this claim as "*Respondeat Superior*" against the IDOC and Jefferies, and invokes *Monell*, the ADA, the RA, and state tort law (Doc. 1, p. 20).  A *Monell* claim may be brought against a *local* government unit if its official policy or practice caused a constitutional deprivation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, neither the State of Illinois nor its agencies are subject to *Monell* liability.  Therefore, this claim will be dismissed.

In a state tort claim, the *respondeat superior* theory may impose liability on an employer where the employee commits a tort in the scope of their employment.  *See, e.g., Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 991-92 (Ill. 2007).  In this case, the employer (IDOC) is an agency of the State of Illinois.  And the Eleventh Amendment precludes a lawsuit in federal court against a state for money damages.  *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).  Accordingly, Count 8 will be dismissed with prejudice.

## Injunctive Relief

The Complaint includes a request for injunctive relief.  The Illinois Department of Corrections is the appropriate party to carry out any injunctive relief that may be ordered in connection with the ADA/RA claims in Count 5.  Centralia Warden Monti, in his official capacity

---

[8] Plaintiff does not include the John/Jane Doe 4 Bureau of Identification Officer in any other counts.  He brings the negligence count against "All Defendants (except IDOC)" (Doc. 1, p. 19).

only, will remain as a Defendant for the implementation of any injunctive relief relating to the other claims. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### John/Jane Doe Defendants

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and John/Jane Doe 4 Bureau of Identification Officer in accordance with the discovery order that will be entered by the Court. Centralia Warden Monti and Lawrence Warden Brookhart, in their official capacities, will remain as parties for the purpose of responding to discovery to identify these unknown defendants. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendant(s) in place of the generic designations in the case caption and throughout the Complaint.

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities. The ADA, RA, and injunctive relief claims are properly brought against the IDOC and the Centralia Warden his official capacity. However, Plaintiff's claims for monetary damages may only be pursued against state officials in their *individual* capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants will be dismissed without prejudice.

### Pending Motions

In his Notice of Objection/Motion to Reconsider (Doc. 7), Plaintiff takes issue with the Order directing him to provide additional trust fund information necessary for the Court to rule on his Motion for Leave to Proceed in Forma Pauperis ("IFP") (Doc. 5). The Court received the

required information and granted Plaintiff's IFP motion (Doc. 10). Accordingly, the motion is **DENIED AS MOOT**.

The Motion for Service at Government Expense (Doc. 12) is **GRANTED IN PART** insofar as service is ordered below on the Defendants who remain in the action. The motion is **DENIED IN PART** as to the dismissed Defendants.

## Disposition

The Complaint states colorable claims in **Count 1** against the John/Jane Doe 1 Lawrence Nurse(s); in **Count 2** against Nalewajke, the John/Jane Doe 2 Centralia Property Officer, and the John/Jane Doe 3 Centralia Nurse(s); in **Count 5** against the IDOC, in **Count 6** against Nalewajke, the John/Jane Doe 1 Lawrence Nurse(s), and the John/Jane Doe 3 Centralia Nurse(s); and in **Count 7** against Nalewajke, the John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and John/Jane Doe 4 Bureau of Identification Officer. Counts 3 and 4, and Jefferies and Thompson are **DISMISSED** without prejudice. Count 8 is **DISMISSED with prejudice**.

The Clerk shall prepare for the Illinois Department of Corrections, Nalewajke, Warden Monti of Centralia Correctional Center (official capacity only), and Warden Brookhart of Lawrence Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the

extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 2, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.