IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, #R13122 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 23-295-SMY |
| | ) |
| ILLINOIS DEPARTMENT OF, | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION OF ADMINISTRATIVE REMEDIES AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Now Come Defendants, DEEDEE BROOKHART, LANA NALEWAJKA, DANIEL MONTI, and the ILLINOIS DEPARTMENT OF CORRECTIONS, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 56, and for their Combined Motion for Summary Judgment on Exhaustion of Administrative Remedies and Memorandum of Law in Support Thereof, state as follows:

### INTRODUCTION

Plaintiff Harley M. Brady, #R13122, is an individual in custody of Illinois Department of Corrections ("IDOC"). Plaintiff filed his complaint on January 30, 2023 and pursuant to the Court's merit review order (Doc. 13), this lawsuit is currently proceeding on the following counts:

- Count 1—Eighth Amendment deliberate indifference to serious medical needs claim for failing to run hearing aid battery call line on July 24, 2021 against Doe 1 Lawrence nurse;

- Count 2—Eighth Amendment deliberate indifference to serious medical needs claim for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch against Defendants Nalewajka, Doe 2 Centralia Property Officer,

- and Doe 3 Centralia Nurse;

- Count 5—ADA and RA claim against IDOC;

- Count 6—Illinois state law medical negligence claim against Nalewajka, Doe 1 Lawrence nurse, and Doe 3 Centralia nurse; and

- Count 7—Illinois state law negligence claim against Nalewajka, Doe 1 Lawrence Nurse, Doe 2 Centralia Property Officer, Doe 3 Centralia Nurse, and Doe 4 Bureau of Identification Officer.

In summary, the claims against Defendant Nalewajka are Counts 2, 6, and 7—Eighth Amendment claim and Illinois state law claims for negligence and medical negligence. And the claim against IDOC is Count 5—ADA and RA claim. Defendant Brookhart is only kept as a Defendant to identify Doe defendants. Defendant Monti is only kept as a Defendant to identify Doe defendants and implement any injunctive relief arising from Count 5. (Doc. 13). The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) requires Plaintiff to exhaust his administrative remedies before bringing a claim under 42 U.S.C. §1983 and "any other federal law." 42 U.S.C. §1997e(a); *see also, Porter v. Nussle*, 534 U.S. 516, 532, (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life…"). Plaintiff failed to exhaust his administrative remedies against Defendants Nalewajka and IDOC; therefore, summary judgment must be granted in Defendants' favor.

**UNDISPUTED MATERIAL FACTS**

1. At all relevant times, Plaintiff has been an inmate within IDOC. He was housed at Lawrence Correctional Center until July 28, 2021 when he was transferred to Centralia, where he resided when he filed the case at bar. (Doc. 1).

2. Plaintiff filed his Complaint pursuant to 42 U.S.C. §1983 on January 30, 2021, alleging Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution,

the ADA, the Rehabilitation Act, and Illinois State Law concerning negligence and medical negligence. (Doc. 1)

3. The Court, in its Memorandum and Order dated June 2, 2023, allowed plaintiff to proceed on 5 counts against certain defendants. Specifically: Count 1—Eighth Amendment deliberate indifference to serious medical needs claim for failing to run hearing aid battery call line on July 24, 2021 against Doe 1 Lawrence nurse; Count 2—Eighth Amendment deliberate indifference to serious medical needs claim for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch against Defendants Nalewajka, Doe 2 Centralia Property Officer, and Doe 3 Centralia Nurse; Count 5—ADA and RA claim against IDOC; Count 6—Illinois state law medical negligence claim against Nalewajka, Doe 1 Lawrence nurse, and Doe 3 Centralia nurse; and Count 7—Illinois state law negligence claim against Nalewajka, Doe 1 Lawrence Nurse, Doe 2 Centralia Property Officer, Doe 3 Centralia Nurse, and Doe 4 Bureau of Identification Officer. (Docs. 1 & 13).

4. An individual in custody may grieve prison conditions with the Illinois Department of Corrections by following the grievance procedures set forth in 20 Ill. Admin. Code 504.800 *et seq.*.

5. Plaintiff's complaint contends that he submitted two grievances over the conduct at issue (Doc. 1).

6. However, Plaintiff's records from the Administrative Review Board ("ARB") reference and include only one relevant grievance, which was received, deemed an emergency, and designated as grievance number E-21-9-19 on August 4, 2021. (Exhibit A, IGRV Inmate History, Bates Stamped 000060–000110, at 000101–000105).

7. Plaintiff's grievance E-21-8-19 identified Centralia as the facility where he was housed and where the grievance issue occurred. (*Id.* at 000104–000105)

8. Plaintiff's grievance E-21-8-19 alleged that Lawrence did not operate its battery replacement line the week before he was transferred to Centralia, and that the hearing aids and ADA watch he

packed in his belongings for transfer were not given back to him upon his arrival at Centralia. It did not mention any tactile pager watch. (*Id.*)

9. Plaintiff's grievance E-21-8-19 further alleges he "was told by Property" that his hearing aid and watch were sent to the Facility's ADA coordinator, and that his complaints to correctional officers requesting that they call the ADA coordinator were answered with pleas for patience due to the large volume of transferees at the time. (*Id.* at 000105)

10. On August 24, 2021, Grievance Officer Jeffrey Strubhart recommended that grievance E-21-8-19 be partially upheld, and noted that the hearing aids and watch had been returned to the Plaintiff. (*Id.* at 000102)

11. The ARB received grievance E-21-8-19 on September 16, 2021, and reviewed it on September 20, 2021. The board determined that Plaintiff's grievance was moot because "Hearing Aids and Watch have been returned to Grievant…. Issues are all being properly addressed," and the director concurred in this determination. (*Id.* at 000101)

## **STANDARD FOR SUMMARY JUDGMENT**

A court should grant summary judgment if the pleadings, discovery documents, and affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986).

The moving party bears the burden of producing "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Carett*, 477 U.S. 317, 323 (1986). The moving party may meet their burden by "showing…an absence of evidence to support the non-moving party's case." *Id.* At 325. After the moving party

has satisfied their burden, the non-moving party must plead specific facts to show a genuine issue exists. Fed. R. Civ. P. 56; *Anderson*, 477 U.S. at 250. Disputes that would not affect the outcome of the suit will not satisfy the requirement to show a genuine issue of material fact exists. *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996). If the plaintiff does not show evidence exists that would reasonably allow a fact-finder to decide in the Plaintiff's favor on a material issue, the court must enter summary judgment against the Plaintiff. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

## APPLICABLE LAW

Under the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all administrative remedies. 42 U.S.C. §1997e(a); *Pavey v. Conley*, 544 F.3d, 739, 749 (7th Cir. 2008). Similarly, 42 U.S.C. §1997e(a) requires that inmates first exhaust administrative remedies before they bring an action under "any other Federal law" such as the ADA or ADA. 42 U.S.C. §1997e(a).

Inmates must follow the rules laid out in the Illinois Administrative Code in order to exhaust all available remedies in compliance with 42 U.S.C. §1997e(a). *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004). Pursuit of administrative remedies is necessary no matter what relief the plaintiff seeks, including monetary damages. *Pavey*, 544 F.3d at 740. There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 US. 199, 211 (2007). Exhaustion is not left to the discretion of the district court, but is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

The Illinois Administrative Code requires inmates to file a grievance regarding an issue at the institutional level within 60 days of the incident. 20 Ill. Admin. Code §504.810(a). The grievance must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of each person who is otherwise involved in the

complaint. 20 Ill. Admin. Code §504.810(c). This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. *Id*.

The Code specifies that the inmate must receive a response from the Chief Administrative Officer (CAO) of the institution (usually the Warden), and if the Warden denies the grievance, then the inmate may appeal the denial to the Administrative Review Board (ARB) within 30 days after the date of that decision. 20 Ill. Admin. Code §504.850(a). An inmate can request that a grievance be handled on an emergency basis by submitting their grievance form directly to the Warden pursuant to §504.840; *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). If, after receiving the Warden's response, the offender feels that the grievance has not been resolved to his satisfaction he may appeal the decision, in writing, to the ARB within 30 days of the Warden's decision. *Id*.

In order to exhaust his administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1025 (7th Cir. 2002). Unless a prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. *Id*. at 1023. Exhaustion means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issue on the merits. *Id* at 1024. Moreover, the U.S. Supreme Court has held that a prisoner cannot satisfy §1997e by filing an untimely or otherwise procedurally defective grievance or appeal; proper exhaustion of administrative remedies is necessary. *Woodford v. Ngo*, 548 U.S. 81, 83, 126 S.Ct. 2378 (2006) (citing *Pozo*, discussed *supra*, upholding a District Court ruling that a grievance not filed within 15 days as required by the Cal. Code. Regs. §3084 (c) fails to satisfy the requirements of § 1997e(a)).

The PLRA's requirement that inmates first exhaust their administrative remedies was promulgated for the explicit purpose of giving prison administrations an opportunity to fix an inmate's problem, to reduce the damages, and, perhaps, to shed light on factual disputes that may arise in litigation even if the solution does not fully satisfy the prisoner. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). To satisfy the statutory purpose, a grievance must alert the prison to the nature of the wrong for which redress is sought. *Riccardo v. Rausch*, 375 F.3d 521, 534 (7th Cir. 2004). To allow otherwise would frustrate the purpose of the grievance process: to afford prisons the time and opportunity to address a prisoner's complaint internally and attempt to remedy the problem before a federal lawsuit is initiated. *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

Section 1997e(a) makes exhaustion of administrative remedies a precondition to an inmate's lawsuit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Section 1997e(a) states, specifically, that "[n]o action shall be brought" until exhaustion has been completed. *Ford v. Johnson*, 395 F.3d 395, 398 (7th Cir. 2004). The *Ford* Court held that an action "brought," for purposes of § 1997e(a), when the Complaint is tendered to the District Clerk. *Id*. at 400.

## ARGUMENT

### I.  PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Plaintiff failed to exhaust his administrative remedies on his claims against Defendant Nalewajka because he only vaguely mentioned an "ADA Coordinator" in his grievance and did not allege any claim or complaint against the ADA Coordinator. Additionally, Plaintiff failed to exhaust his

administrative remedies against IDOC because he did not allege any ADA or RA violation in his grievances.

### A. The Prison Litigation Reform Act Applies to Plaintiff.

In the present case, Plaintiff was an inmate with IDOC at the time he filed the instant suit under 42 U.S.C. § 1983. Plaintiff was a "prisoner," as defined by the PLRA, at all times relevant to the instant suit; at the time of the alleged incident, at the time this suit was brought, and now. *See* 42 U.S.C. § 1997e(h) ("[A]ny person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.") As such, the PLRA applies to Plaintiff, and Plaintiff is required to exhaust his available administrative remedies—with respect to each specific claim and against each Defendant—before filing suit.

### B. The Grievance Process Was Available to Plaintiff.

In order to properly exhaust administrative remedies through the grievance process, Plaintiff must have a grievance process that is available to him. *See* 42 U.S.C. § 1997e(a). Here, grievance records from the Administrative Review Board and from his cumulative counseling summary demonstrate that the grievance process was available to Plaintiff and Plaintiff clearly knows how to file grievances and exhaust administrative remedies. *See* Exhibit A; Exhibit B, Plaintiff's Cumulative Counseling Summary, Bates No. 000001–000008.

### C. Plaintiff Failed to Exhaust his Administrative Remedies against Nalewajka

The claims currently proceeding against Nalewajka are Count 2—Eighth Amendment deliberate indifference to serious medical needs claim for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch; Count 6—Illinois state law medical negligence claim; and Count 7—Illinois state law negligence claim. Plaintiff failed to exhaust his administrative remedies against Defendant Nalwajka as to Count 2 because he fails to

Page 8

**Brady v. IDOC, et al. 23-295-SMY**

sufficiently identify Defendant in his grievance. And because Plaintiff's Eighth Amendment claim against Nalwajka is insufficient, the federal court lacks supplemental jurisdiction over the state law claims in Counts 6 and 7.

Plaintiff must raise an issue or identify the individuals involved as part of the grievance process. 20 Ill. Admin. Code § 504.810(c) requires that each grievance:

> [S]hall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and *the name of each person who is the subject of or who is otherwise involved in the complaint*. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but *the offender must include as much descriptive information about the individual as possible.*

(emphasis added). Inmate identification of involved individuals is essential to the operation of the grievance process because "[t]hese rules . . . permit suit only against defendants who were identified by the prisoner in his grievance[.]" *Jones v. Bock*, 549 U.S. 199, 203 (2007).

Plaintiff did not sufficiently identify Nalwajka's involvement in his grievance. *See* Exhibit A at 000104–000105. Plaintiff vaguely mentioned an ADA Coordinator by saying: "I was told by Property my hearing aids and watch were sent to the facility ADA Coordinator and my cross and chain must have accidentally been sent there as well." *Id.* Further, Plaintiff's grievance only claims his ADA watch, hearing aids, and cross necklace were missing and did not mention a tactile pager watch. To the extent Count 2 proceeds against other Doe defendants, it may only proceed on issues involving ADA watch, hearing aids, or cross necklace. Any claim regarding tactile pager watch shall be dismissed.

When the Court dismisses the non-exhausted claims in Count 2, this will remove Plaintiff's only Federal claims against Defendant Nalwajka; without original jurisdiction over those of Plaintiff's claims against Nalwajka, the Court will lack the basis for exercising supplemental

Page 9

Brady v. IDOC, et al. 23-295-SMY

jurisdiction over Plaintiff's state law claims against Defendant, necessitating dismissal of the state-law claims levied against her in Counts 6 and 7. 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction over any state-law claims if it has dismissed all claims over which it has original jurisdiction). Though relinquishing supplemental jurisdiction is a discretionary decision for the Court, it is presumed that courts will relinquish jurisdiction over any state law claims when all federal claims are dismissed before trial. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc*., 672 F.3d 476, 479 (7th Cir. 2012).

Because Plaintiff fails to sufficiently identify Defendant in his grievance, his Eighth Amendment claim against Nalwajka should be dismissed. And because Plaintiff's Eighth Amendment claim against Nalwajka is insufficient, the federal court lacks supplemental jurisdiction over the state law claims in Counts 6 and 7 against Defendant Nalwajka.

   **D.** **Plaintiff Failed to Exhaust his Administrative Remedies against IDOC**

The only claim proceeding against IDOC is Count 5— an ADA and/or RA claim. The ADA/RA claim against IDOC must be dismissed because the Plaintiff's failed to exhaust his administrative remedy against IDOC regarding his ADA/RA claim.

PLRA's exhaustion requirements apply to conditions of confinement claims brought under "any other federal law" in addition to 42 U.S.C. §1983. 42 U.S.C. §1997e(a); *see also, Porter v. Nussle*, 534 U.S. 516, 532, (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life…"). To be exhaustive, the plaintiff's grievance must contain factual details regarding *each* aspect of the complaint, including what happened, when, where, and the name of each person who is otherwise involved in the complaint. 20 Ill. Admin. Code §504.810(c). But Plaintiff's only relevant grievance, E-21-8-19, failed to articulate the basic factual details necessary to grieve IDOC's supposed non-compliance with the ADA and/or RA.

Whereas Count 5 claims that IDOC should be liable for depriving the Plaintiff of his hearing aid batteries, hearing aids, ADA watch, and tactile pager watch, and for failing to take steps to prevent such future deprivations, the only grievance he filed fails to name IDOC in connection with any of these alleged deprivations, where they are mentioned at all. *See* Exhibit A at 000101–000105. Plaintiff's Grievance E-21-8-19 did not adequately detail and grieve the non-operation of the battery replacement line at Lawrence during the Plaintiff's final weekend at that facility, and it makes no mention whatsoever of IDOC policies or practices which he now seeks to challenge in connection with that same issue. *Id*. Grievance E-21-8-19 also omits any reference to a tactile pager watch, let alone an explanation of the role IDOC supposedly played in his not receiving such a watch. *Id.* Grievance E-21-8-19 also fails to draw any connection from IDOC to the loss of Plaintiff's hearing aids and ADA watch. *Id.* Grievance E-21-8-19 also makes no reference to any IDOC policies, practices, or decisions which make such a loss likely to occur in the future, let alone a request that they take "steps to prevent future deprivations" such as the one made in Count 5. *See Id.* & Doc. 13. In sum, Plaintiff's sole grievance did not seek redress from IDOC regarding any of the issues it raised in Count 5. It did not name or reference IDOC even once. *See* Exhibit A at 000101–000105.

To the extent Plaintiff can be said to have attempted grieving the claims against IDOC in Count 5 at all, that attempt was entirely inadequate for the purposes of exhaustion; Plaintiff's grievance E-21-8-19 only concerned a discrete incident which Plaintiff did not connect to IDOC by name or reference and raised no general challenge to IDOC's policies or practices that supposedly violated the ADA. *Contrast with Dawson v. Ill. Dep't of Corr.,* 2021 U.S. Dist. LEXIS 97607 at *9 (S.D.Ill.) (Dawson properly exhausted administrative remedies before suing IDOC for violations of the ADA through grievances which gave prison officials minimal notice that he was challenging their policies, practices, and procedures concerning treatment and facilities); In the

present case, Plaintiff only grieved a discrete deprivation by taking issue "solely with the way that any particular nurse or correctional officer treated him." *See also, Ward v. Jess*, 2007 U.S. Dist. LEXIS 49202, at *5 (E.D.Wis.) (Noting that, for the purposes of exhaustion, Ward's sole complaint regarding a single occasion of impeded contact with his attorney "was incident-specific and did not address Ward's more general claim that hearing-impaired inmates are being discriminated against in violation of the ADA.").

## CONCLUSION

Based on the sole grievance he filed, Plaintiff has failed to exhaust his administrative remedies as to the claims against Defendant Nalwajka in Count 2, and his claim against IDOC in Count 5; those claims, as well as his claims against Defendants Nalwajka in Counts 6 and 7 which rely on the supplemental jurisdiction in this Court, should be dismissed.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully pray that this Honorable Court grant their Motion for Summary Judgment on Exhaustion of Administrative Remedies, and grant any other relief deemed just and proper.

Respectfully submitted,

DEEDEE BROOKHART, LANA NALEWAJKA, DANIEL MONTI, and ILLINOIS DEPARTMENT OF CORRECTIONS

Defendants,

KWAME RAOUL, Attorney General, State of Illinois

Attorney for Defendants,

Zherong Kang, # 6337517
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767
Email: Zherong.Kang@ilag.gov
   & gls@ilag.gov

By: s\ Zherong Kang
Zherong Kang, # 6337517

Page 12

**Brady v. IDOC, et al. 23-295-SMY**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, #R13122, ) | |
|     Plaintiff, ) | |
| ) | |
| -vs- ) | No. 23-295-SMY |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, the foregoing document, <u>Combined Motion for Summary Judgment on Exhaustion of Administrative Remedies and Memorandum of Law in Support Thereof</u>, and <u>Exhibits A & B [Bates No. 000001–000008, 000060–000110]</u> were electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Harley M Brady, #R13122
CENTRALIA CORRECTIONAL CENTER
Individual in Custody Legal Mail/ Parcels
9330 Shattuc Road
PO Box 7711
Centralia, IL 62801

                                          Respectfully submitted,

                                          _s/ Zherong Kang_
                                          Zherong Kang, # 6337517
                                          Assistant Attorney General
                                          500 South Second Street
                                          Springfield, Illinois 62701
                                          Phone: (217) 557-0261
                                          Fax: (217) 782-8767
                                          Email:  Zherong.Kang@ilag.gov
                                                 & gls@ilag.gov