IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, # R13122,<br><br>        **Plaintiff,**<br>vs.<br><br>ILLINOIS DEPT. of CORRECTIONS,<br>DEEDEE BROOKHART,<br>DANIEL MONTI (Official Capacity Only),<br>LANA NALEWAJKA,<br>JOHN/JANE DOE 1, Nurse(s) Lawrence CC,<br>JOHN/JANE DOE 2, C/O Centralia CC,<br>JOHN/JANE DOE 3, Nurse(s) Centralia CC,<br>and JOHN/JANE DOE 4, Bureau of<br>    Identification Officer, Centralia CC,<br><br>        **Defendants.** | Case No. 23-cv-00295-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's motions for leave to amend his Complaint (Docs. 43, 44). Defendants Brookhart, Nalewajka, Monti, and the Illinois Department of Corrections ("IDOC") oppose the latter motion to the extent that Plaintiff seeks to add a new claim for breach of contract (Doc. 45). Plaintiff's First Amended Complaint (Doc. 44-1) will be allowed, with modifications.

### Background

Plaintiff is a prisoner currently incarcerated at Centralia Correctional Center. Following the initial merits review, the Court allowed Plaintiff to proceed on the following claims related to the failure to provide him with assistive devices for his hearing and visual impairments (Doc. 13):

    Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against John/Jane Doe 1 Lawrence Nurse(s) for failing to run the hearing aid battery call line on July 24, 2021, depriving Plaintiff of his ability to use his medically necessary hearing aids.

1

| | |
|---|---|
| Count 2: | Eighth Amendment deliberate indifference to serious medical needs claim against John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), and Nalewajka for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch, depriving Plaintiff of these items and limiting his major life activities. |
| Count 5: | ADA and/or RA claim against the Illinois Department of Corrections for depriving Plaintiff of his hearing aid batteries, hearing aids, ADA watch, and tactile pager watch necessary to accommodate Plaintiff's hearing loss, limiting his major life activities, and for failing to take steps to prevent future deprivations. |
| Count 6: | Illinois state law medical negligence claim against the John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 3 Centralia Nurse(s), and Nalewajka for breaching their duty of care to Plaintiff when they deprived him of functioning hearing aids, his ADA watch, and a tactile pager watch. |
| Count 7: | Illinois state law negligence claim against John/Jane Doe 1 Lawrence Nurse(s), John/Jane Doe 2 Centralia Property Officer, John/Jane Doe 3 Centralia Nurse(s), John/Jane Doe 4 Bureau of Identification Officer, and Nalewajka for breaching their duty of care to Plaintiff, causing him injury. |

Defendants Jeffries and Thompson were dismissed from the action without prejudice (Doc. 13, p. 11). Defendant Monti remained in the action in his official capacity for purposes of injunctive relief and for discovery, and Brookhart remained a party in her official capacity for the purpose of discovery. *Id.* Now that Plaintiff has identified Doe Defendant #1 from Lawrence, Brookhart will be dismissed from the action.

## Discussion

Plaintiff was directed to file any motion for leave to amend his Complaint no later than October 5, 2023; that deadline passed without a motion being filed (Doc. 26, 42). Plaintiff's deadline to file a motion to substitute the Unknown/Doe Defendants was extended to January 31, 2024 (Docs. 26, 38). Plaintiff's first Motion for Leave to Amend Complaint, submitted on January

31, 2024, was timely for its stated purpose to correct and name the Unknown Defendants (Doc. 43; Doc. 43-1, p. 17).  His second motion, filed March 14, 2024, corrects certain errors in the proposed amended Complaint, seeks to add a count for breach of contract, and attaches a corrected Exhibit 12 regarding the reissuance of the ADA wristwatch (Doc. 44, p. 4; Doc. 44-1).

The First Amended Complaint tendered with Plaintiff's second motion (Doc. 44-1) will be allowed because it identifies all but one of the previously unknown Defendants by name, inserts their names in the statement of facts where appropriate, and makes minor corrections (all changes are underlined).  However, certain portions of the pleading will be dismissed pursuant to 28 U.S.C. § 1915A and the Court's previous Orders.

### Substitution of Unknown Defendants

Plaintiff has identified Nurse Pam Ward as the Jane Doe #1 Lawrence Nurse named in Counts 1, 6, and 7 (Doc. 44-1, pp. 2, 3).  Rick Hubler is the John Doe #2 Centralia Property Officer named in Counts 2 and 7.  *Id.*  Plaintiff names two individuals, Clay Wheelan and Sean Ballantini, as the John Doe #4 Bureau of Identification Officers named in Count 7 (Doc. 44-1, p. 4).  The Clerk of Court will be directed to make these substitutions for the Does #1, #2, and #4, and service will be ordered on these individuals.

### Defendants to be Dismissed

The John/Jane Doe #3 Centralia Nurse, named in Counts 2, 6, and 7, remains unidentified (Doc. 44-1, p. 3).  This defendant will be dismissed without prejudice pursuant to the Court's Order at Doc. 42.

Plaintiff includes Defendant Thompson in the amended pleading, but Thompson was previously dismissed from the action (Doc. 13, p. 11).  Thompson remains dismissed and shall not be reinstated on the docket.

Plaintiff adds IDOC Director Latoya Hughes as a defendant (Doc. 44-1, p. 3). Hughes was not among the original parties and the addition of her name is not necessary as IDOC remains a party for Count 5 (Doc. 13, p. 8-11). Hughes will not be added to the docket.

Lawrence Warden Brookhart will be dismissed because she is no longer needed as an official capacity party for discovery purposes.[1]

## Designation of Claims and Dismissal of New Count

For consistency, the Court and the parties will use the Court's designation of the remaining counts as set forth in the merits review order and below, including the newly identified parties and omitting the Doe #3:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Pam Ward (Lawrence Nurse) for failing to run the hearing aid battery call line on July 24, 2021, depriving Plaintiff of his ability to use his medically necessary hearing aids.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Rick Hubler (Centralia Property Officer) and Lana Nalewajka for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch, depriving Plaintiff of these items and limiting his major life activities.

Count 5: ADA and/or RA claim against the Illinois Department of Corrections for depriving Plaintiff of his hearing aid batteries, hearing aids, ADA watch, and tactile pager watch necessary to accommodate Plaintiff's hearing loss, limiting his major life activities, and for failing to take steps to prevent future deprivations.

Count 6: Illinois state law medical negligence claim against Pam Ward and Lana Nalewajka for breaching their duty of care to Plaintiff when they deprived him of functioning hearing aids, his ADA watch, and a tactile pager watch.

Count 7: Illinois state law negligence claim against Pam Ward, Rick Hubler,

---

[1] As noted in the merits review order, Plaintiff's claims under the ADA, RA, and for injunctive relief are proceeding against the IDOC and against Warden Monti in his official capacity (Doc. 13, p. 10). The claims for money damages proceed against the respective defendants in their individual capacities only.

Clay Wheelan and Sean Ballantini (Bureau of Identification Officers), and Lana Nalewajka for breaching their duty of care to Plaintiff, causing him injury.

Plaintiff's attempt to add a new count for breach of contract (Doc. 44-1, pp. 2, 15-16) is untimely; this substantive amendment should have been presented on or before October 5, 2023. Therefore, the breach of contract claim in the First Amended Complaint is **DISMISSED** with prejudice and will not be considered further.

### Disposition

Plaintiff's Motion for Leave to Amend Complaint (Doc. 44) is **GRANTED IN PART** as outlined above. The motion is **DENIED IN PART** insofar as Defendants Brookhart, Thompson, Hughes, John/Jane Doe #3, and the claim for breach of contract are **DISMISSED** from this action without prejudice. The first Motion for Leave to Amend Complaint (Doc. 43) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to file Doc. 44-1 as the First Amended Complaint, but shall not add the dismissed parties to the docket. The Clerk is **FURTHER DIRECTED** to substitute Pam Ward for John/Jane Doe #1; Rick Hubler for John/Jane Doe #2; and Clay Wheelan and Sean Ballantini for John/Jane Doe #4.

The First Amended Complaint states colorable claims in **Count 1** against Pam Ward; in **Count 2** against Lana Nalewajka and Rick Hubler; in **Count 5** against the IDOC, in **Count 6** against Lana Nalewajka and Pam Ward; and in **Count 7** against Lana Nalewajka, Pam Ward, Rick Hubler, Clay Wheelan, and Sean Ballantini.

The Clerk shall prepare for Pam Ward, Rick Hubler, Clay Wheelan, and Sean Ballantini: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

First Amended Complaint, the Memorandum and Order at Doc. 13, the Initial Scheduling and Discovery Order at Doc. 26, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants shall note the deadlines in Section VI. "Late Appearing Parties" in the Order at Doc. 26.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

*See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  April 19, 2024**

                                  *s/ Staci M. Yandle*
                                  **STACI M. YANDLE**
                                  **United States District Judge**