IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, #R13122, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 23-295-SMY ) |
| ILLINOIS DEPARTMENT OF, CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION OF ADMINISTRATIVE REMEDIES AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Now Come Defendants, SEAN BALLANTINI, RICHARD HUBLER, and CLAY WHEELAN, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 56, and for their Combined Motion for Summary Judgment on Exhaustion of Administrative Remedies and Memorandum of Law in Support Thereof, state as follows:

**INTRODUCTION**

Plaintiff Harley M. Brady, #R13122, is an individual in custody of Illinois Department of Corrections ("IDOC"). pursuant to the Court's merit review on Plaintiff's Amended Complaint (Doc. 46), this lawsuit is currently proceeding on the following counts:

- Count 1—Eighth Amendment deliberate indifference to serious medical needs claim for failing to run hearing aid battery call line on July 24, 2021 against Pam Ward;

- Count 2—Eighth Amendment deliberate indifference to serious medical needs claim for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch against Defendants Nalewajka, Rick Hubler, and Doe 3 Centralia

Brady v. IDOC, et al. 23-295-SMY                                        Page 1

  Nurse;

- Count 5—ADA and RA claim against IDOC;

- Count 6—Illinois state law medical negligence claim against Nalewajka, Pam Ward, and Doe 3 Centralia nurse; and

- Count 7—Illinois state law negligence claim against Nalewajka, Pam Ward, Rick Hubler, Doe 3 Centralia Nurse, Clay Wheelan, and Sean Ballantini.

In summary, the claims against Defendant Hubler are Counts 2 and 7—Eighth Amendment claim and Illinois state law claims for negligence. And the claim against Defendants Wheelan and Ballantini is Count 7— Illinois state law claims for negligence.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) requires Plaintiff to exhaust his administrative remedies before bringing a claim under 42 U.S.C. §1983 and "any other federal law." 42 U.S.C. §1997e(a); *see also, Porter v. Nussle*, 534 U.S. 516, 532, (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life…"). Plaintiff failed to exhaust his administrative remedies against Defendants; therefore, summary judgment must be granted in Defendants' favor.

Additionally, because Plaintiff's claim against Wheelan and Ballantini is only an Illinois state law negligence claim without any federal claim, Plaintiff's claim against Wheeland and Ballantini should be dismissed for lack of subject matter jurisdiction.

**UNDISPUTED MATERIAL FACTS[1]**

1. At all relevant times, Plaintiff has been an inmate within IDOC. He was housed at Lawrence Correctional Center until July 28, 2021 when he was transferred to Centralia, where he resided when he filed the case at bar. (Doc. 1).

---

[1] These facts are undisputed for the purpose of this motion only.

Brady v. IDOC, et al. 23-295-SMY

Page 2

2. Plaintiff first filed his Complaint pursuant to 42 U.S.C. §1983 on January 30, 2021, alleging Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, the ADA, the Rehabilitation Act, and Illinois State Law concerning negligence and medical negligence. (Doc. 1).

3. The Court, in its Memorandum and Order dated June 2, 2023, allowed plaintiff to proceed on 5 counts against certain defendants. Specifically: Count 1—Eighth Amendment deliberate indifference to serious medical needs claim for failing to run hearing aid battery call line on July 24, 2021 against Doe 1 Lawrence nurse; Count 2—Eighth Amendment deliberate indifference to serious medical needs claim for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch against Defendants Nalewajka, Doe 2 Centralia Property Officer, and Doe 3 Centralia Nurse; Count 5—ADA and RA claim against IDOC; Count 6—Illinois state law medical negligence claim against Nalewajka, Doe 1 Lawrence nurse, and Doe 3 Centralia nurse; and Count 7—Illinois state law negligence claim against Nalewajka, Doe 1 Lawrence Nurse, Doe 2 Centralia Property Officer, Doe 3 Centralia Nurse, and Doe 4 Bureau of Identification Officer. (Docs. 1 & 13).

4. On April 19, 2024, the Court granted in part Plaintiff's Motion for Leave to Amend Complaint by substituting Doe Defendants, resulting in an Eighth Amendment claim (Count 2) and Illinois state law claims for negligence (Count 7) against Defendant Hubler, and an Illinois state law claims for negligence (Count 7) against Defendants Wheelan and Ballantini (Doc. 46).

5. An individual in custody may grieve prison conditions with the Illinois Department of Corrections by following the grievance procedures set forth in 20 Ill. Admin. Code 504.800 *et seq.*

6. Plaintiff's complaint contends that he submitted two grievances over the conduct at issue (Doc. 1).

7. However, Plaintiff's records from the Administrative Review Board ("ARB") reference and include only one relevant grievance, which was received, deemed an emergency, and designated

as grievance number E-21-9-19 on August 4, 2021. (Exhibit A, IGRV Inmate History, Bates Stamped 000060–000110, at 000101–000105).

8. Plaintiff's grievance E-21-8-19 identified Centralia as the facility where he was housed and where the grievance issue occurred. (*Id.* at 000104–000105)

9. Plaintiff's grievance E-21-8-19 alleged that Lawrence did not operate its battery replacement line the week before he was transferred to Centralia, and that the hearing aids and ADA watch he packed in his belongings for transfer were not given back to him upon his arrival at Centralia. It did not mention any tactile pager watch. (*Id.*)

10. Plaintiff's grievance E-21-8-19 further alleges he "was told by Property" that his hearing aid and watch were sent to the Facility's ADA coordinator, and that his complaints to correctional officers requesting that they call the ADA coordinator were answered with pleas for patience due to the large volume of transferees at the time. (*Id.* at 000105).

11. Plaintiff's grievance E21-8-19 does not identify Wheelan or Ballantini by name or by description. *Id.*

12. On August 24, 2021, Grievance Officer Jeffrey Strubhart recommended that grievance E-21-8-19 be partially upheld, and noted that the hearing aids and watch had been returned to the Plaintiff. (*Id.* at 000102)

13. The ARB received grievance E-21-8-19 on September 16, 2021, and reviewed it on September 20, 2021. The board determined that Plaintiff's grievance was moot because "Hearing Aids and Watch have been returned to Grievant…. Issues are all being properly addressed," and the director concurred in this determination. (*Id.* at 000101).

## **STANDARD FOR SUMMARY JUDGMENT**

A court should grant summary judgment if the pleadings, discovery documents, and affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986).

The moving party bears the burden of producing "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Carett*, 477 U.S. 317, 323 (1986). The moving party may meet their burden by "showing . . . an absence of evidence to support the non-moving party's case." *Id*. At 325. After the moving party has satisfied their burden, the non-moving party must plead specific facts to show a genuine issue exists. Fed. R. Civ. P. 56; *Anderson*, 477 U.S. at 250. Disputes that would not affect the outcome of the suit will not satisfy the requirement to show a genuine issue of material fact exists. *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996). If the plaintiff does not show evidence exists that would reasonably allow a fact-finder to decide in the Plaintiff's favor on a material issue, the court must enter summary judgment against the Plaintiff. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

## **APPLICABLE LAW**

Under the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all administrative remedies. 42 U.S.C. §1997e(a); *Pavey v. Conley*, 544 F.3d, 739, 749 (7th Cir. 2008). Similarly, 42 U.S.C. §1997e(a) requires that inmates first exhaust administrative remedies before they bring an action under "any other Federal law" such as the ADA or ADA. 42 U.S.C. §1997e(a).

Inmates must follow the rules laid out in the Illinois Administrative Code in order to exhaust all available remedies in compliance with 42 U.S.C. §1997e(a). *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004). Pursuit of administrative remedies is necessary no matter what

relief the plaintiff seeks, including monetary damages. *Pavey*, 544 F.3d at 740. There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 US. 199, 211 (2007). Exhaustion is not left to the discretion of the district court, but is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

The Illinois Administrative Code requires inmates to file a grievance regarding an issue at the institutional level within 60 days of the incident. 20 Ill. Admin. Code §504.810(a). The grievance must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of each person who is otherwise involved in the complaint. 20 Ill. Admin. Code §504.810(c). This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. *Id*.

The Code specifies that the inmate must receive a response from the Chief Administrative Officer (CAO) of the institution (usually the Warden), and if the Warden denies the grievance, then the inmate may appeal the denial to the Administrative Review Board (ARB) within 30 days after the date of that decision. 20 Ill. Admin. Code §504.850(a). An inmate can request that a grievance be handled on an emergency basis by submitting their grievance form directly to the Warden pursuant to §504.840; *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). If, after receiving the Warden's response, the offender feels that the grievance has not been resolved to his satisfaction he may appeal the decision, in writing, to the ARB within 30 days of the Warden's decision. *Id*.

In order to exhaust his administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1025 (7th Cir. 2002). Unless a prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. *Id*. at

1023. Exhaustion means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issue on the merits. *Id* at 1024. Moreover, the U.S. Supreme Court has held that a prisoner cannot satisfy §1997e by filing an untimely or otherwise procedurally defective grievance or appeal; proper exhaustion of administrative remedies is necessary. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006) (citing *Pozo*, discussed *supra*, upholding a District Court ruling that a grievance not filed within 15 days as required by the Cal. Code. Regs. §3084 (c) fails to satisfy the requirements of § 1997e(a)).

The PLRA's requirement that inmates first exhaust their administrative remedies was promulgated for the explicit purpose of giving prison administrations an opportunity to fix an inmate's problem, to reduce the damages, and, perhaps, to shed light on factual disputes that may arise in litigation even if the solution does not fully satisfy the prisoner. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). To satisfy the statutory purpose, a grievance must alert the prison to the nature of the wrong for which redress is sought. *Riccardo v. Rausch*, 375 F.3d 521, 534 (7th Cir. 2004). To allow otherwise would frustrate the purpose of the grievance process: to afford prisons the time and opportunity to address a prisoner's complaint internally and attempt to remedy the problem before a federal lawsuit is initiated. *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

Section 1997e(a) makes exhaustion of administrative remedies a precondition to an inmate's lawsuit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Section 1997e(a) states, specifically, that "[n]o action shall be brought" until exhaustion has been completed. *Ford v. Johnson*, 395 F.3d 395, 398 (7th Cir. 2004). The *Ford* Court held that an action "brought," for purposes of § 1997e(a), when the Complaint is tendered to the District Clerk. *Id*. at 400.

## ARGUMENT

### I. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Plaintiff's grievance vaguely mentions that he was "told by property," insinuating Hubler's involvement but does not allege any claim or complaint against the property officer. Additionally, Plaintiff failed to exhaust his administrative remedies against Wheelan and Ballantini because he does not mention Wheelan or Ballentini in any of his grievances by name or by description.

#### A. The Prison Litigation Reform Act Applies to Plaintiff.

In the present case, Plaintiff was an inmate with IDOC at the time he filed the instant suit under 42 U.S.C. § 1983. Plaintiff was a "prisoner," as defined by the PLRA, at all times relevant to the instant suit; at the time of the alleged incident, at the time this suit was brought, and now. *See* 42 U.S.C. § 1997e(h) ("[A]ny person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.") As such, the PLRA applies to Plaintiff, and Plaintiff is required to exhaust his available administrative remedies—with respect to each specific claim and against each Defendant—before filing suit.

#### B. The Grievance Process Was Available to Plaintiff.

In order to properly exhaust administrative remedies through the grievance process, Plaintiff must have a grievance process that is available to him. *See* 42 U.S.C. § 1997e(a). Here, grievance records from the Administrative Review Board and from his cumulative counseling summary demonstrate that the grievance process was available to Plaintiff and Plaintiff clearly

knows how to file grievances and exhaust administrative remedies. *See* Exhibit A; Exhibit B, Plaintiff's Cumulative Counseling Summary, Bates No. 000001–000008.

### C.  Plaintiff Failed to Exhaust his Administrative Remedies against Hubler

The claims currently proceeding against Hubler are Count 2—Eighth Amendment deliberate indifference to serious medical needs claim for seizing Plaintiff's medically necessary hearing aids and ADA watch and failing to issue him a tactile pager watch and Count 7—Illinois state law negligence claim. Plaintiff failed to exhaust his administrative remedies against Defendant Hubler as to Count 2 because he fails to sufficiently identify Defendant in his grievance. And because Plaintiff's Eighth Amendment claim against Hubler is insufficient, the federal court lacks supplemental jurisdiction over the state law claim in Count 7.

Plaintiff must raise an issue or identify the individuals involved as part of the grievance process. 20 Ill. Admin. Code § 504.810(c) requires that each grievance:

> [S]hall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and *the name of each person who is the subject of or who is otherwise involved in the complaint*. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but *the offender must include as much descriptive information about the individual as possible.*

(emphasis added). Inmate identification of involved individuals is essential to the operation of the grievance process because "[t]hese rules . . . permit suit only against defendants who were identified by the prisoner in his grievance[.]" *Jones v. Bock*, 549 U.S. 199, 203 (2007).

Plaintiff did not sufficiently identify Hubler's involvement in his grievance. *See* Exhibit A at 000104–000105. Plaintiff vaguely mentioned an "property [officer]" by saying: "I was told by Property my hearing aids and watch were sent to the facility ADA Coordinator and my cross and chain must have accidentally been sent there as well." *Id.* Because Plaintiff did not sufficiently

identify the property officer's involvement, he failed to properly exhaust his administrative remedies against Hubler.

When the Court dismisses the non-exhausted claims in Count 2, this will remove Plaintiff's only Federal claims against Defendant Hubler. without original jurisdiction over those of Plaintiff's claims against Hubler, the Court will lack the basis for exercising supplemental jurisdiction over Plaintiff's state law claims against Defendant, necessitating dismissal of the state-law claims levied against her in Count 7. *See* 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction over any state-law claims if it has dismissed all claims over which it has original jurisdiction). Though relinquishing supplemental jurisdiction is a discretionary decision for the Court, it is presumed that courts will relinquish jurisdiction over any state law claims when all federal claims are dismissed before trial. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc*., 672 F.3d 476, 479 (7th Cir. 2012).

Because Plaintiff fails to sufficiently identify Hubler in his grievance, his Eighth Amendment claim against Hubler should be dismissed. And because Plaintiff's Eighth Amendment claim against Hubler is insufficient, the federal court lacks supplemental jurisdiction over the state law claims in Counts 7 against Defendant Hubler.

     D.     **Plaintiff Failed to Exhaust his Administrative Remedies against Wheelan and Ballantini.**

The only claim proceeding against Wheelan and Ballantini is Count 7— an Illinois state law negligence claim. The state law negligence claim must be dismissed because the Plaintiff failed to exhaust his administrative remedy against Wheelan and Ballantini by not name these two Defendants in his grievance. And the Court does not have subject matter jurisdiction over Wheelan and Ballantini because Plaintiff's complaint against them are based solely on a state law negligence claim.

Page 10

**Brady v. IDOC, et al. 23-295-SMY**

PLRA's exhaustion requirements apply to conditions of confinement claims brought under "any other federal law" in addition to 42 U.S.C. §1983. 42 U.S.C. §1997e(a); *see also, Porter v. Nussle*, 534 U.S. 516, 532, (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life…"). To be exhaustive, the plaintiff's grievance must contain factual details regarding *each* aspect of the complaint, including what happened, when, where, and the name of each person who is otherwise involved in the complaint. 20 Ill. Admin. Code §504.810(c). But Plaintiff's only relevant grievance, E-21-8-19, failed to articulate the basic factual details necessary to grieve Wheelan and Ballantini's action. Plaintiff's grievance not only failed to name Wheelan and Ballantini by name or by description, but also failed to allege any fact that may infer Wheelan and Ballantini's involvement in the alleged actions.

Most importantly, the federal District Court lacks the subject matter jurisdiction to proceed on a sole state law negligence claim against Wheelan and Ballantini. The federal District Court only has subject matter jurisdiction if a federal question is involved or diversity jurisdiction exists. *See* 28 U.S.C. § 1331–32; *see also JPMorgan Chase Bank v. Washington*, 2022 U.S. Dist. LEXIS 212412, *1–2 (N.D. Ill. Nov. 23, 2022). In the present case, Plaintiff's only claim against Wheelan and Ballantini is an Illinois state law claim of negligence. The claim does not arise under a federal law and Plaintiff does not allege that this Court has diversity jurisdiction over the parties. Because this Court lacks subject matter jurisdiction, Plaintiff's claim against Wheelan and Ballantini should be dismissed.

## **CONCLUSION**

Based on the sole grievance he filed, Plaintiff has failed to exhaust his administrative remedies as to the claims against Defendants because he failed to properly identify Hubler, Wheelan, and Ballantini in his grievance. This Court also lacks subject matter jurisdiction over Wheelan and Ballantini for the sole Illinois state law claim of negligence.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully pray that this Honorable Court grant their Motion for Summary Judgment on Exhaustion of Administrative Remedies, and grant any other relief deemed just and proper.

                              Respectfully submitted,

                              RICHARD HUBLER, SEAN BALLANTINI, and CLAY WHEELAN

                                Defendants,

                              KWAME RAOUL, Attorney General,

Zherong Kang, # 6337517                   State of Illinois
Assistant Attorney General
500 South Second Street                     Attorney for Defendants,
Springfield, Illinois 62701
Phone: (217) 557-0261
Fax: (217) 782-8767                       By: s\ Zherong Kang
Email: Zherong.Kang@ilag.gov           Zherong Kang, # 6337517
       & gls@ilag.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, #R13122, ) | |
|     Plaintiff, ) | |
| ) | |
| -vs- ) | No. 23-295-SMY |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2024, the foregoing document, <u>Combined Motion for Summary Judgment on Exhaustion of Administrative Remedies and Memorandum of Law in Support Thereof</u>, and <u>Exhibits A & B [Bates No. 000001–000008, 000060–000110]</u> were electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Timothy P. Dugan    tdugan@cassiday.com
Alison J. Matusofsky  amatusofsky@cassiday.com

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Harley M Brady, #R13122
CENTRALIA CORRECTIONAL CENTER
Individual in Custody Legal Mail/ Parcels
9330 Shattuc Road
PO Box 7711
Centralia, IL 62801

                                  Respectfully submitted,

                                  s/ Zherong Kang
                                  Zherong Kang, # 6337517
                                  Assistant Attorney General
                                  500 South Second Street
                                  Springfield, Illinois 62701
                                  Phone: (217) 557-0261
                                  Fax: (217) 782-8767
                                  Email:  Zherong.Kang@ilag.gov
                                       & gls@ilag.gov

                                                Page 13

**Brady v. IDOC, et al. 23-295-SMY**