IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, # R13122, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-00295-SMY |
| ) | |
| ILLINOIS DEPT. of CORRECTIONS, ) | |
| DANIEL MONTI (Warden, Centralia CC, ) | |
|     Official Capacity Only), ) | |
| LANA NALEWAJKA, ) | |
| PAM WARD (Nurse, Lawrence CC), ) | |
| RICK HUBLER (C/O Centralia CC), ) | |
| CLAY WHEELAN (Bureau of Identification ) | |
|     Officer, Centralia CC), and ) | |
| SEAN BALLANTINI (Bureau of ) | |
|     Identification Officer, Centralia CC), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendant Pam Ward (Doc. 65).[1] For the following reasons, Ward's motion is **GRANTED**.

### BACKGROUND

Plaintiff filed this this *pro se* civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights during his incarceration at Lawrence Correctional Center and subsequently at Centralia Correctional Center, where he is still confined. He makes the following allegations relevant to the pending motion in the First Amended Complaint (Doc. 47): Plaintiff is hearing impaired and relies on hearing aids in both ears. His medically necessary hearing aids

---

[1] Plaintiff did not file a separate response to the motion, but portions of his response to the summary judgment motion filed by Defendants Ballantini, Hubler, and Wheelan (Doc. 61) are relevant to this motion (Doc. 70).

1

were rendered inoperable at Lawrence because Defendant Ward[2] failed to provide replacement batteries. Hearing aid batteries were issued at Lawrence only on Saturdays between 7:00am-3:00pm (Doc. 47, p. 5). Plaintiff's hearing aid batteries ran out while he was at his job assignment overnight on July 21-22, 2021. Ward made the decision not to run the weekly call line to issue new hearing aid batteries on Saturday, July 24, 2021. *Id.* Plaintiff was transferred to Centralia on July 28, 2021. He never got replacement batteries before the transfer, so he packed the inoperable hearing aids with his other property to be transferred. After the transfer, the hearing aids were misplaced and Plaintiff did not receive them back for some weeks.

Following threshold review, Plaintiff is proceeding on the following claims involving Defendant Ward[3] (Doc. 13; Doc. 46, pp. 4-5):

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Pam Ward (Lawrence Nurse) for failing to run the hearing aid battery call line on July 24, 2021, depriving Plaintiff of his ability to use his medically necessary hearing aids.
>
> Count 6: Illinois state law medical negligence claim against Pam Ward and Lana Nalewajka for breaching their duty of care to Plaintiff when they deprived him of functioning hearing aids, his ADA watch, and a tactile pager watch.
>
> Count 7: Illinois state law negligence claim against Pam Ward, Rick Hubler, Clay Wheelan and Sean Ballantini (Bureau of Identification Officers), and Lana Nalewajka for breaching their duty of care to Plaintiff, causing him injury.

## **DISCUSSION**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the

---

[2] Plaintiff originally identified Defendant Ward as "Unknown Nurse 1" (Docs. 1, 13).
[3] Plaintiff is also proceeding on Counts 2 and 5 against other defendants (Doc. 46, pp. 4-5).

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *see also Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022).

For a prisoner to properly exhaust his administrative remedies, he or she must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must be fully completed before the prisoner files suit; a case filed while a grievance appeal is still ongoing is premature and must be dismissed without prejudice. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *see* also *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because Plaintiff was an IDOC inmate when he filed this action, he was required to follow the grievance process set forth in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. "A grievance must be filed...within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). A grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the prisoner does

not know a person's name, he "must include as much descriptive information about the individual as possible." *Id.*

If an inmate is unsatisfied with the outcome at the facility, he must appeal to the Administrative Review Board ("ARB") within 30 days. 20 ILL. ADMIN. CODE § 504.850(a). The grievance procedures further allow for an inmate to file an emergency grievance; to do so, the inmate must forward the grievance directly to the CAO who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." 20 ILL. ADMIN. CODE § 504.840(a). After such a determination, processing of the grievance is expedited, as is any appeal. 20 ILL. ADMIN. CODE § 504.840(b); § 504.850(f).

An inmate is required to exhaust only those administrative remedies that are available to him. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole*, 438 F.3d at 809.

Defendant Ward identifies one grievance filed by Plaintiff relevant to his claims: No. E-21-8-19. In this grievance, filed after Plaintiff's transfer to Centralia, he complained that his hearing aids were taken out of his property upon his July 28, 2021 transfer and were not returned to him (Doc. 66-1, p. 64; Doc. 66-2, p. 4). While Plaintiff was still at Lawrence, the batteries in his hearing aids died. "Lawrence C.C. did not run hearing aid battery replacement line the weekend before [Plaintiff] transferred" (Doc. 66-1, p. 64; Doc. 66-2, p. 4). Plaintiff packed the hearing aids with dead batteries in his property for transfer along with his ADA watch and a cross necklace. When Plaintiff's property was returned on July 29, 2021, his hearing aids were not given

4

back to him. He missed meals, dayroom, and yard because he could not hear when they were called.

The grievance was received on August 4, 2021, and deemed an emergency (Doc. 66-1, p. 64; Doc. 66-2, p. 4). On August 23, 2021, the hearing aids were found and returned to Plaintiff (Doc. 66-1, p. 62; Doc. 66-2, p. 2). The grievance was "partially upheld." *Id.* Plaintiff timely appealed the grievance to the ARB, which deemed it moot because the hearing aids and ADA watch had been returned and his cross necklace was under review (Doc. 66-1, p. 61; Doc. 66-2, p. 1).

Ward argues that Grievance No. E-21-8-19 was insufficient to exhaust Plaintiff's claims against her because it did not name or describe her. Further, while Plaintiff alleged in the First Amended Complaint that a nurse (Ward) chose not to run the hearing aid battery replacement line at Lawrence, the grievance did not include this allegation (Doc. 66, pp. 7-8). Additionally, Plaintiff's grievance stated that the issue arose at Centralia, not at Lawrence. Because of these omissions, Grievance No. E-21-8-19 did not put officials at Lawrence or Centralia on notice of Ward's alleged conduct or provide them an opportunity to address his complaint about the batteries.

Plaintiff argues that his grievance "addressed Lawrence's culpability, as the issue started there," noting the injury suffered at Centralia – the loss of his hearing aids – "was only possible due to actions undertaken at Lawrence." (Doc. 70, p. 3). He notes that his "hearing aids were useless without batteries from the midnight shift of 07/21/22-2021, until they were seized on 07-28-2021." (Doc. 70, p. 4). This explains why he packed them with his property rather than wore them for his transfer.

Defendant Ward's arguments are persuasive. While Grievance No. E-21-8-19 includes the information that Plaintiff's hearing aid batteries ran out and were not replaced at Lawrence, it does not identify or describe a nurse or any individual who Plaintiff alleges was responsible for the failure to provide replacement batteries. As such, it fails to include as much descriptive information as possible about the responsible person. *See* 20 ILL. ADMIN. CODE § 504.810(c). Additionally, by identifying Centralia as the place of occurrence, Plaintiff did not alert Lawrence officials of the problem or the need to address it.

When Plaintiff filed Grievance No. E-21-8-19 on August 2, 2021, he was still within the 60-day time limit to file a grievance directed to the Lawrence staff who failed to run the hearing aid battery line on July 24, 2021, had he wished to do so; he did not. As such, Grievance No. E-21-8-19 does not provide sufficient information to exhaust Plaintiff's claims against Defendant Ward.

## DISPOSITION

The Motion for Summary Judgment filed by Defendant Ward (Doc. 65) is **GRANTED**. Defendant Pam Ward and the claims against her in Counts 1, 6, and 7 are **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED: February 5, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**