IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARLEY BRADY, #R13122,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-295-SMY |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Harley Brady filed this this *pro se* civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights during his incarceration at Lawrence Correctional Center and subsequently at Centralia Correctional Center, where he is still confined. Specifically, as to Defendant Pam Ward, Plaintiff alleged that his medically necessary hearing aids were rendered inoperable at Lawrence because Ward failed to provide replacement batteries. The Court granted Wards' motion for summary judgment on the issue of exhaustion (Doc. 83). Now pending is Plaintiff's Notice of Objection and Motion for Reconsideration (Doc. 87). Ward filed a response (Doc. 88). For the following reasons, the Motion is **DENIED**.

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)). Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been

raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir.2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Plaintiff contends that Wexford, and Defendant Ward, are not subject to the IDOC Grievance Procedure and therefore he could not have filed a grievance against her – arguments that were previously made and rejected. Despite Plaintiff's assertions, the evidence in the record supports the conclusion that Plaintiff failed to exhaust his administrative remedies as to Ward prior to filing this lawsuit. The applicable grievance did not identify or describe a nurse or any individual who Plaintiff alleges was responsible for the failure to provide replacement batteries. Plaintiff fails to identify any newly discovered evidence or a manifest error of law or fact committed by the Court. Accordingly, the Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

**DATED:  July 7, 2025**

**STACI M. YANDLE**
**United States District Judge**