# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARLEY M. BRADY, #R13122 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-295-SMY |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Harley M. Brady, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and the Americans with Disabilities Act ("ADA"). Following this Court's merit review and ruling on Defendants' motions for summary judgment on the issue of exhaustion, the remaining claims in the Amended Complaint are:

> Count 2:  Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 against Defendants Lana Nalewajka and Richard Hubler for seizing Plaintiff's medically necessary hearing aids and ADA watch and against Lana Nalewajka for failing to issue him a tactile pager watch, depriving Plaintiff of these items and limiting his major life activities;

> Count 5:  ADA and/or RA claim against the Illinois Department of Corrections for depriving Plaintiff of his hearing aid batteries, hearing aids, ADA watch, and tactile pager watch necessary to accommodate Plaintiff's hearing loss, limiting his major life activities, and for failing to take steps to prevent further deprivations;

Count 6:    Illinois state law medical negligence claim against Lana Nalewajka for breaching her duty of care to Plaintiff when she deprived him of functioning hearing aids, his ADA watch, and a tactile pager watch;

Count 7:    Illinois state law negligence claim against Clay Wheelan, Sean Ballantini, Richard Hubler, and Lana Nalewajka for breaching their duty of care to Plaintiff as described in Counts 1, 2, and 6, causing him injury.

This matter is now before the Court for consideration of the motion for summary judgment filed by Defendants IDOC, Nalewajka, Ballantini, Hubler, and Wheelan (Doc. 107) and the motion for summary judgment filed by Plaintiff (Doc. 109). For the following reasons, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

## Factual Background

Construed in the light most favorable to the nonmoving party, the evidence and reasonable inferences establish the following facts relevant to the pending summary judgment motions:

Plaintiff Harley Brady has hearing loss in both ears and suffers from visual impairments (Doc. 107-1, p. 9). He was incarcerated at Lawrence Correctional Center until July 28, 2021, when he was transferred to Centralia Correctional Center (Doc. 107-1, p. 14). While at Lawrence, Brady was issued a pager watch, ADA watch, and hearing aids (Doc. 107-1, p. 11). The batteries for Brady's hearing aids died between July 21 and 22, 2021 while he was still incarcerated at Lawrence. They had not been replaced at the time of his transfer. *Id*. at p. 14. On July 26, 2021, Brady packed his hearing aids, ADA watch, and a gold cross necklace in his property box in preparation for his transfer from Lawrence. *Id*. at pp. 14-15. Brady returned his tactile pager watch to staff at Lawrence as those watches are used by each institution. *Id*. at p. 15.

The nurse who completed Brady's transfer paperwork at Lawrence did not indicate he had any disabilities or limitations. *Id*. at p. 16. Brady testified that when he got to Centralia, they did not know he was hearing impaired. *Id*. at p. 16.

Brady's new ID was issued by Defendants Clay Wheelan and Sean Ballantini, who are employed in the Bureau of Identification. *Id*. at p. 17. His new ID did not include a notation that he was hearing impaired. *Id*. pp. 16-17. Wheelan and Ballantini instructed Brady to contact the ADA Coordinator when Brady told them he was hearing impaired. *Id*. Wheelan and Ballantini were not responsible for determining whether an inmate's ID should note they have a disability (Docs. 107-4; 107-5). When an inmate raised a question regarding such a notation, Wheelan and Ballantini could only refer the inmate to the ADA coordinator for resolution. *Id*.

After receiving his property box at Centralia, Brady discovered that his hearing aids, ADA watch, and necklace had been removed (Doc. 107-1, p. 21). Brady believed his property box had been searched by Defendant Richard Hubler. *Id.* at pp. 21-22. Another officer told Brady that his ADA items would have been taken out and sent to the ADA coordinator. *Id*. at p. 23. Defendant Hubler was not familiar with Brady and had no knowledge of his disabilities or medical needs (Doc. 107-3).

Brady requested the cellhouse staff contact the ADA coordinator about his missing property on several occasions (Doc. 107-1, p. 24). Brady met with Defendant Lana Nalewajka on August 20, 2021. *Id*. Immediately after their meeting, Nalewajka completed the paperwork for the notation of hearing impairment to be restored to Brady's ID, ordered a tactile pager watch, and located his missing property. *Id*. at pp. 24-25. The hearing aids and watch were returned to Brady. *Id*. Nalewajka provided Brady with new batteries for his hearing aid. *Id.* She sent his necklace to the facility chaplain who was responsible for determining if religious items were allowed in the facility. *Id.* at pp. 25-26.

While Brady was without his hearing aids and ADA watch, he missed several meals and yard time because he could not hear staff announcing when those activities began (Doc. 107-1, p. 28).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The moving party is entitled to summary judgment where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex,* 477 U.S. at 323.  If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).  Cross-motions for summary judgment do not automatically mean that all questions of material fact have been resolved.  *Franklin v. City of Evanston,* 384 F.3d 838, 842 (7th Cir. 2004).  Therefore, the Court must evaluate each motion independently, making all reasonable inferences in favor of the nonmoving party with respect to each motion.  *Id.* at 483.

### Deliberate Indifference (Count 2)

Brady moves for summary judgment, contending that Defendant Hubler was deliberately indifferent and negligent when he removed Brady's ADA hearing aids and watch from his property box.  Brady also contends that Defendant Nalewajka was deliberately indifferent and negligent by allowing his ADA hearing aids and watch to be taken out of his property box.

The Eighth Amendment prohibits "cruel and unusual punishment" of a prisoner.  A prison official's "deliberate indifference" to a prisoner's "serious medical needs" violates that mandate.

*Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).  To support a claim of deliberate indifference, a plaintiff must offer evidence that (1) he had an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to that condition.  *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc).  "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough."  *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (citation omitted).

Hubler worked the morning shift at Centralia.  He was assigned to review incoming inmate property and to remove items that were contraband or that required additional approval for the inmate to possess.  Brady believes Hubler searched his property box and removed the hearing aids, ADA watch, and gold cross necklace.  The items were given to a nurse and Hubler had no further involvement with Brady's property.

"The standard [for deliberate indifference] is a subjective one: The defendant must know facts from which he could infer that a substantial risk of serious harm exists and he must actually draw the inference."  *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016)).  Here, there is no evidence that Hubler was familiar with Brady or that he had knowledge of his disabilities or medical needs. On these facts, a reasonable jury could not find that Hubler was deliberately indifferent to Brady's medical needs.

Nalewajka was the ADA Coordinator for Centralia.  She was not made aware of Brady's missing property until his grievance was forwarded to her on August 6, 2021.  Nalewajka initiated a search for the items on the next working day.  Although it took several weeks, she was able to locate and return Brady's hearing aids and watch.  She provided Brady with new batteries for the hearing aids and initiated the process of designating him as hearing impaired on his ID badge.

Again, based on this evidence, no reasonable jury could find that Nalewajka was deliberately indifferent to Brady.

Accordingly, Defendants Hubler and Nalewajka are entitled to judgment as a matter of law on Brady's deliberate indifference claims in Count 2 of the Amended Complaint.

### ADA Claim (Count 5)

Brady claims the denial of his hearing aids and watches violated the Americans with Disability Act ("ADA") and the  Rehabilitation Act ("RA").  Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The RA also prohibits discrimination against qualified individuals based on physical or mental disability.  *See* 29 U.S.C. §§ 794-94e. Discrimination under both Acts includes failure to accommodate a disability.  *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

To prevail on a claim under the ADA and the RA, Brady must prove (1) he is a qualified person with a disability, (2) the Defendants excluded him from participating in or denied him the benefits of a public entity's services, programs, or activities or otherwise discriminated against him, and (3) the exclusion, denial, or discrimination was by reason of or because of his disability. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).  And to recover compensatory damages, Brady must show "intentional conduct (and not merely negligence)," which has been interpreted to mean he must show the defendant "acted with deliberate indifference" to rights conferred by the ADA.  *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) (citations omitted).  In other words, Brady must show that prison officials "*knew* that harm to a federally protected right was substantially likely and ... *failed* to act on that likelihood."  *Hildreth v. Butler*, 960 F.3d 420,

431 (7th Cir. 2020) (quoting *Lacy v. Cook Cnty.*, 897 F.3d 847, 862 (7th Cir. 2018)) (emphasis in original).

Here, Brady does not offer any evidence that establishes or would permit a jury to infer that Defendants were intentionally discriminating against him or deliberately indifferent as required to warrant compensatory damages under the ADA or RA.  He was afforded accommodations to address his hearing, including hearing aids, a tactile pager watch, and an ADA watch.  Brady turned in the tactile pager watch prior to his transfer and placed the hearing aids and ADA watch in his personal property box.  Hubler's only duty relevant to this case was to review Brady's incoming property and identify contraband or items that required additional review.  He performed that function and gave the removed items to a nurse for additional handling.  There is no evidence that Hubler acted with deliberate indifference to Brady.

Defendants Ballantini and Wheelan's only role was to issue new IDs to incoming inmates. They advised Brady to contact the ADA coordinator for any additional designations.  As for Nalewajka, once she was notified that Brady's hearing aids and watch were missing, the evidence establishes that she immediately initiated a search to find his property and returned the items to Brady.  On this record, Defendants are entitled to judgment on Count 5.

### Medical Negligence (Count 6)

Citing *Young v. United States*, 942 F.3d 349, 351-52 (7th Cir. 2019), Defendants assert that Defendant Nalewajka is entitled to summary judgment of Plaintiff's medical negligence claim because he failed to provide an affidavit or report pursuant to 735 ILCS § 5/2-622 stating that there is a "reasonable and meritorious cause" for pursuing his medical negligence claim.

In *Berk v. Choy*, 607 U.S. —, 146 S. Ct. 546 (2026), the United States Supreme Court recently "rejected the reasoning behind the Seventh Circuit's approach to apply the affidavit-of-

merit requirement at summary judgment 'to the extent that it is a rule of *substance*,' Young, 942 F.3d at 351 (emphasis in original), because 'the substantive nature of a state law, or its substantive purpose, *makes no difference*.' So the "affidavit law does not apply in federal court." *Sereda v. Northwestern Memorial Hospital*, 2026 WL 858754, N.D.Ill. (citing Berk, 146 S. Ct. at 557) (emphasis in original).

That said, to prevail on a medical negligence claim under Illinois law, a plaintiff must establish (1) the proper standard of care against which a medical provider's conduct is measured, (2) a failure to comply with the applicable standard of care, and (3) a resulting injury proximately caused by the provider's lack of skill or care. *Sullivan v. Edward Hosp.,* 209 Ill.2d 100, 282 Ill.Dec. 348, 806 N.E.2d 645, 653 (2004) (identifying elements of "a negligence medical malpractice case"). Generally, the plaintiff bears the burden of proving all three elements through the testimony of medical experts. *Wilbourn v. Cavalenes,* 398 Ill.App.3d 837, 338 Ill.Dec. 77, 923 N.E.2d 937, 949 (1st Dist.2010); *Bergman v. Kelsey,* 375 Ill.App.3d 612, 313 Ill.Dec. 862, 873 N.E.2d 486, 500 (1st Dist.2007) ("A plaintiff must generally prove the elements of a medical negligence cause of action through medical expert testimony.") (citing *Knauerhaze v. Nelson,* 361 Ill.App.3d 538, 296 Ill.Dec. 889, 836 N.E.2d 640, 652 (1st Dist.2005)).

Here, Brady has not produced the requisite medical expert opinion evidence to establish a medical negligence claim. Accordingly, Defendant Nalewajka is entitled to summary judgment on Count 6.

### Negligence (Count 7)

Brady's negligence claims against the defendants are based on the same facts as his federal claims. In Illinois, to succeed on a negligence claim, a plaintiff must show the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the

plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)).

Defendants argue that any duty owed to Plaintiff arose out of their state employment and therefore, Plaintiff's negligence claims are barred by the Eleventh Amendment. *See Turpin v. Koropchak*, 567 F.3d 880 (7th Cir. 2009) ([w]here an alleged act of misconduct arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State Employment, sovereign immunity will bar maintenance of the action in any court other than the Illinois Court of Claims); *T. S. v. Cnty. of Cook, Illinois*, 67 F.4th 884, 892 (7th Cir. 2023).

Defendants are correct. Brady's allegations of negligence arose while each defendant was performing a function within the scope of their duties as employees at Centralia. Hubler reviewed Brady's property because he was a correctional officer assigned to the property office. Ballantini and Wheelan issued an ID to Brady because they were assigned to the Bureau of Identification within Centralia. Nalewajka responded to Brady's grievance related to his lost property in her capacity as the ADA coordinator at Centralia. There is no evidence the defendants acted beyond the scope of their authority and the complained-of actions involve maters ordinarily within each employee's normal and official functions of the State. As such, Brady's negligence claims against the defendants are claims against the State of Illinois and are therefore barred by its sovereign immunity statute.

### Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 107) is **GRANTED**. Plaintiff's Motion for Summary Judgment (Doc. 109) is **DENIED**. Plaintiff's claims are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 5, 2026.**

_____
**STACI M. YANDLE**
**Chief United States District Judge**